IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:24-CV-00156-GCM

| | |
|---|---|
| TRUSTEE SERVICE OF CAROLINA, LLC,<br><br>**Plaintiff,**<br><br>v.<br><br>JAMAAL GITTENS,<br><br>**Defendant.** | **ORDER** |

This matter is before the Court on Plaintiff Trustee Services of Carolina, LLC's Motion to Remand (Doc. No. 7).[1] Upon careful consideration of the arguments submitted by the parties, Plaintiff's Motion to Remand is **GRANTED**.

## I. BACKGROUND

Plaintiff commenced this North Carolina foreclosure special proceeding in Mecklenburg County Superior Court on January 26, 2024. (Doc. No. 8 at 1.) The hearing for this matter was scheduled for March 21, 2024. *Id.* at 2. On February 12, 2024, Defendant removed this matter alleging that this Court has federal diversity jurisdiction pursuant to 28 U.S.C. §1332. (Doc. No. 1.) Plaintiff timely filed its Motion to Remand on March 10, 2024, arguing that the Court lacks subject matter jurisdiction, and that the Complaint fails to state a claim upon which relief can be granted.[2] (*See* Doc. No. 8.)

---

[1] Wells Fargo Bank, N.A., as Trustee for Park Place Securities, Inc. Asset-Backed Pass-Through Certificates Series 2005-WHQ3 ("Wells Fargo") is the current holder of the note and deed of trust that gave rise to the foreclosure proceeding initiated by Plaintiff on Wells Fargo's behalf pursuant to the terms of the deed of trust. (*See* Doc. No. 10 at 2.) Wells Fargo is not a party to this matter but has an interest in this litigation. On March 13, 2024, Wells Fargo also filed a Motion to Remand. (*See* Doc. No. 9.)

[2] Wells Fargo's Motion to Remand is premised on the same arguments.

## II. LEGAL STANDARD

The party asserting federal jurisdiction has the burden to prove that subject matter jurisdiction exists. *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). "The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." *Chris v. Tenet*, 221 F.3d 648, 655 (4th Cir. 2000) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). District courts have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). To establish complete diversity jurisdiction under 28 U.S.C. § 1332, "the parties must be completely diverse; none of the plaintiffs may share citizenship with any of the defendants." *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1995) (internal citations omitted).

For determining diversity jurisdiction, "a limited liability company's 'citizenship is that of its members.'" *Mystic Retreat Med Spa & Weight Loss Center*, 615 F. Supp. 3d 379 (M.D.N.C. 2022) (quoting *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004)). Additionally, "an action may not be removed if the defendant seeking removal is a citizen of the State in which the action is brought." *Lakeview Loan Care Services, LLC v. Hollis*, 3:23-CV-373-MOC-DCK, 2024 WL 140435 (W.D.N.C. Jan. 12, 2024) (citing 28 U.S.C. § 1441(b)(2)). When a federal district court lacks subject matter jurisdiction, it must remand the case back to state court. *Id.* at *1.

## III. DISCUSSION

The Court finds that Defendant's removal is improper. Defendant is a citizen and resident of Charlotte, North Carolina as evidenced by his filings. (*See* Docs. No. 1, 3, 12, 15.) Defendant

2

does not allege that he is a citizen of another state. There is no dispute that Plaintiff is a North Carolina limited liability company and a citizen of North Carolina. (Doc. No. 8-1.) As such, there is no diversity amongst the parties and Defendant has failed to prove subject matter jurisdiction exists.

Defendant references *Gittens v. PHH Mortgage Corp.*[3] in his Notice of Removal as a basis for diversity jurisdiction. (*See* Doc. No. 1 at 2.) In *Gittens*, the Court found that there was complete diversity among the parties. No. 3:23-CV-00052-KDB, 2023 WL 2169090, n3 (W.D.N.C. Feb. 22, 2023). Unlike the present action, *Gittens* involved a different cause of action and did not include Plaintiff as a party. *See id.* Moreover, the defendants were Wells Fargo Bank, N.A., and PHH Mortgage Corporation, which were diverse to the Plaintiff. *Id.* It appears that Defendant may be confusing the actions and as such, believes diversity jurisdiction exists here as well. (*See* Doc. No. 1 at 1.) However, this is a foreclosure special proceeding[4] without diverse parties which must be remanded back to state court.

## IV. ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (Doc. No. 7) is hereby **GRANTED** and that this case be remanded to the Superior Court of North Carolina for Mecklenburg County for adjudication.

Signed: April 9, 2024

Graham C. Mullen
United States District Judge

---

[3] The Court takes judicial notice of 3:23-CV-00052-KDB.
[4] Defendant does not allege in his Notice of Removal that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Regardless, the Court notes that foreclosure actions brought under state law, such as the one here brought under Chapter 45, Article 2A, of the North Carolina General Statutes, N.C.G.S. § 45-21.1, *et seq.*, do not create federal question subject matter jurisdiction. *Trustee Services of Carolina, LLC v. Rivera*, 2012 WL 1664224, at *2 (W.D.N.C. May 2, 2012).